## EL PUEBLO *v.* VILLEGAS ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 54.—Resuelto en mayo 5, 1904.

PRUEBAS—CUESTIONES DE HECHO—NUEVO JUICIO—VEREDICTO.—El jurado es úni-
co juez de las cuestiones de hecho y de la veracidad de los testigos, y sólo en
casos excepcionales, en que el jurado cometa abusos manifiestos de sus facul-
tades en este respecto, el tribunal sentenciador, o el de apelación, anularán
el veredicto y concederán un nuevo juicio.

ID.—APELACIÓN.—El Tribunal Supremo sólo debe considerar y resolver en una
apelación las infracciones legales cometidas por el tribunal sentenciador; y
las cuestiones de hecho que se sometan a su consideración, deberán expresarse
con gran precisión, a fin de que el tribunal pueda apreciarlas y resolver si la
resolución impugnada es o nó correcta.

JUICIO POR JURADO—RECUSACIONES.—Las recusaciones deberán hacerse al presen-
tarse el miembro del jurado, y antes de que se le tome juramento para
entender en la causa; pero el tribunal, a discreción, puede permitir que se
presenten después, y antes de que el jurado quede constituído, si hubiere
razón para ello.

LEYES DE CARÁCTER PENAL—EFECTO RETROACTIVO.—Las leyes de carácter penal,
que mejoren la condición de los acusados en causas criminales, deben tener
efecto retroactivo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan R. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. SULZBACHER, emitió la siguiente opi-
nión del tribunal:

La presente es una apelación interpuesta contra sentencia
dictada por la Corte de Distrito de San Juan en causa seguida
a Modesto Villegas, Tomás Crispín, Félix Encarnación y
Eustaquio Aquino, por acometimiento. Los acusados fueron
juzgados por un jurado y sentenciados como sigue: Modesto
Villegas, a la pena de 1 año y 6 meses de prisión, y los otros
a 2 años y 6 meses cada uno; todos con una parte propor-
cional de costas. En el expediente se encuentra un pliego
de excepciones debidamente firmado por el juez presidente,
fundándose solamente sobre apreciaciones de prueba por

el jurado.. Según tiene resuelto este tribunal, y lo repite ahora, (*) el jurado es el único juez de los hechos y de la veracidad de los testigos. Ellos los ven y los oyen testificar y son los únicos que pueden juzgar con respecto a su credibilidad, y solamente en casos excepcionales, de los cuales hay muy raros ejemplos, cuando un jurado comete abusos manifiestos del poder en este respecto, el tribunal sentenciador, o el supremo, anularán el veredicto y concederán nuevo juicio; pero nada semejante aparece de los autos después de un examen minucioso de los mismos. Solamente infracciones legales deben considerarse y revisarse en una apelación ante el Tribunal Supremo. Cuestiones de hecho sobre las cuales se pretende que pase el tribunal de apelación deben expresarse con gran precisión, de manera que el tribunal pueda conocerlos, y determinar si la resolución de la corte de distrito fué errónea.

El único punto que merece alguna consideración aun no se encuentra en el pliego de excepciones, en donde debía estar, pero se alegó oralmente en el juicio. Parece que la corte resolvió que las recusaciones deberían hacerse primeramente motivadas y después perentorias, con respecto a cada jurado y en el momento en que éste se presentaba al tribunal; de esta resolución tomó excepción el abogado defensor, reclamando el derecho que tenía de reservarse las recusaciones perentorias hasta tanto que el jurado estuviere constituído. Una vez constituído el jurado y habiéndose hecho solamente dos recusaciones perentorias, por parte del abogado defensor, la corte permitió que éste hiciera cuatro recusaciones más que, unidas a las dos que ya había hecho, formaban un total de seis, que son las que tenía derecho a hacer. Pero el tribunal no hubiera cometido error alguno aunque se hubiera ajustado en un todo a la resolución que dictó primeramente, porque la ley dispone que la recusación deberá hacerse al presentarse el miembro del jurado y antes de que se le tome juramento para entender en la causa; pero podrá el tribunal, si para ello hubiere razón, permitir que esto se haga después del jura-

mento y antes de que el jurado se complete, dejándolo a discreción del tribunal.(*)

La sentencia de la corte de distrito se dictó el 20 de noviembre de 1903 y la vista tuvo lugar ante este tribunal el 19 del corriente. La Asamblea Legislativa de Puerto Rico, en 10 de marzo de 1904, derogó la sección 237 del Código Penal, con arreglo a la cual los demandados fueron acusados, juzgados y condenados; y pasó una nueva ley sobre acometimiento, cambiando la pena a una multa de no menos de $50, ni más de $100, o prisión en la cárcel de no menos de un mes, ni más de un año, o ambas, multa y prisión. El abogado de los apelantes alegó en la vista de la causa ante este tribunal que cuando una nueva ley mejora la condición de un acusado, en una causa criminal, con arreglo a los principios generales de la jurisprudencia, debería aplicarse la nueva ley. La de 10 de marzo de 1904, aunque deroga la sección 237 del Código Penal, debe considerarse como sustituta de la última, y es por lo tanto aplicable al presente caso. Debe, pues, confirmarse la sentencia de la corte de distrito, modificándose la misma según se expresa en la resolución de este tribunal.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.